301 F.2d 443
 HOTEL PHILLIPS, INC., d/b/a Phillips Hotel; Hotel President,
Inc., d/b/a President Hotel; Trianon Hotel Company, d/b/a
Muehlebach Hotel and Towers; Delno D. Spainhower, d/b/a
Airline Barber Shop, Appellants,
v.
JOURNEYMEN BARBERS, HAIRDRESSERS, COSMETOLOGISTS AND
PROPRIETORS' INTERNATIONAL UNION OF AMERICA, and Journeymen
Barbers, Hairdressers, Cosmetologists and Proprietors'
International Union of America, Local No. 192, Appellees.
 No. 16871.
 United States Court of Appeals Eighth Circuit.
 April 20, 1962.
 
 Kenneth L. Meinen, of Spencer, Fane, Britt & Browne, Kansas City, Mo., and Harry L. Browne and Donald W. Giffin, of Spencer, Fane, Britt & Browne, on the brief, for appellant.
 Stephen B. Millin and Donald E. Willson, of Popham, Thompson, Popham, Trusty & Conway, Kansas City, Mo., for appellee.
 Before SANBORN and MATTHES, Circuit Judges, and GRAVEN, Senior district judge.
 PER CURIAM.
 
 
 1
 The appellants appeal from an order dismissing the action. The four appellants instituted a private action under the Sherman Act, 15 U.S.C.A. 1-15. The four appellants consist of three Kansas City, Missouri, hotel corporations and one individual. The corporate appellants alleged that they each maintained a barber shop for the convenience of their guests. The individual appellant alleged that he was the lessee-operator of a barber shop at the Kansas City, Missouri, Municipal Airport. They seek treble damages and injunctive relief against the Journeyman Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America and Kansas City, Missouri Local No. 192 of the International Union for alleged conspiratorial conduct and activities charged to be in violation of Section 1 of the Sherman Act. The appellants alleged that the appellees have conspired to fix minimum prices for barber services in the Kansas City Metropolitan Area and to enforce a five-day work week for barber shops in that area. They further alleged that because of such conspiracy the public has been denied the benefit of competitive established prices for barber services and is being denied such services on certain week days. They further alleged that the alleged acts of the appellees affected interstate commerce because of the large number of interstate travelers who made use of barber shops in the Kansas City Metropolitan Area.
 
 
 2
 The appellees moved to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the complaint failed to state a claim upon which relief could be granted. They also moved to dismiss under Rule 12(b)(2) of those Rules on the ground that jurisdiction over the subject matter of the action was lacking. The action was dismissed by Judge Ridge. His opinion in the case is reported at 195 F.Supp. 664.
 
 
 3
 There was no diversity of citizenship between the appellants and the appellees. Jurisdiction of the subject matter of the action was based upon Section 1 of the Sherman Act forbidding conspiracies in restraint of interstate commerce. It was the view of Judge Ridge that the barber services which constituted the subject matter of the action were too unrelated to interstate commerce to come within the purview of that Section. He concluded that the action should be dismissed for lack of jurisdiction over the subject matter. We concur in that conclusion. Judge Ridge so fully and adequately covered that matter is his opinion that we deem further discussion of it unnecessary. Judge Ridge in his opinion discussed the contention of the appellees that the action should be dismissed on the ground that the complaint failed to state a claim upon which relief could be granted. Judge Ridge also referred to the matter of the possible application of the clean hands and particeps criminis doctrine. He did not rule on either of those two matters nor do we.
 
 
 4
 The judgment of dismissal appealed from is affirmed because of lack of jurisdiction over the subject matter of the action.